ANTELO, PLAINTIFF AND APPELLANT, *v.* YABUCOA SUGAR
COMPANY ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action
of Revendication.

No. 3071.—Decided April 29, 1924.

JOINDER—REVENDICATION—DAMAGES—PARTIES—MISJOINDER OF PARTIES.—A real
action for nullity and revendication from the vendee can not be joined with
a subsidiary personal action for damages against the person who sold the
property as administrator of the estate of the plaintiff's ancestor; and no
allegation being made that the said vendor had any interest in the property,
of which he is not in possession, he is not a necessary party and, therefore,
there was a misjoinder of parties.

The facts are stated in the opinion.

*Messrs. J. Martínez Dávila* and *J. Guzmán Benítez* for
the appellant.

*Mr. González Fagundo* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the District Court of Ponce rendered the fol-
lowing opinion:

"The complaint in this case sets up two distinct but united causes
of action; one, a real action against the Yabucoa Sugar Co. to an-
nul a deed of sale of a property known as 'Remate' or 'Antelo'
made by Emilio Colón Berríos as judicial administrator of the es-
tate of Andrés Antelo in favor of the Yabucoa Sugar Company on
October 31, 1907; to reinstate the plaintiff Adela Antelo in the
the possession of the aforesaid property, and to recover $20,000
from the Yabucoa Sugar Company, defendant herein, as damages
for mesne profits; and the other, a personal action in the event of
the suit against the Yabucoa Sugar Company being dismissed, against
the Succession of Emilio Colón Berríos, directing the payment to the
plaintiff of the sum of $24,500 as compensation for damages oc-
casioned by Emilio Colón Berríos, her predecessor in interest, en-
joining him from acquiring and using the property in dispute herein.

"The defendants in this action, Succession of Emilio Colón and
the Yabucoa Sugar Company, demurred to the complaint on the
ground of undue joinder of actions, and the said Succession further
demurred on the ground of undue joinder of defendants and failure
of the complaint to state facts sufficient to constitute a cause of
action.

"A plaintiff may join various actions in a single complaint when they all originate, among other cases, from claims to recover specific real property, with or without damages for the withholding thereof, or for waste committed thereon, and the rents and profits of the same *but the causes of action so united belong to one only of these classes and must affect all the parties to the action, and must be separately stated.* Sec. 104, Code of Civil Procedure, Carlo v. Ferrer, 27 P.R.R., 203.

"In the case at bar the real action for nullity and ejectment against the Yabucoa Sugar Co. cannot be joined to the personal and subsidiary action for damages against the Succession of Emilio Colón if the latter does not own the property. It does not seem that actions of this kind can be brought at the same time against different persons.

"Moreover, the demurrer filed by the Succession of Emilio Colón alleging a defect of undue joinder of parties defendant would also seem well taken, for, since it is not in possession of the property the annulment of sale and recovery of which is sought and which constitutes the main action, it is not a necessary and indispensable party thereto.

"The plaintiff has cited as applicable the case of Oliver v. Oliver, 23 P.R.R., 168, which is different from the present because the subsidiary action for damages is brought against the defendant who is in possession of the property whose recovery is sought, he being the person who instituted the mortgage proceeding there claimed to be vitiated of nullity.

"For the foregoing reasons the demurrers as to undue joinder of actions and of parties defendant are sustained; and the plaintiff is allowed ten days to amend the complaint."

We are entirely agreed with that opinion. In the discussion of the second and third assignments of error the appellant attempts to impugn this opinion but unsuccessfully. He showed no nexus or relation between the various parties defendant and the court distinguishes the cases cited as to due joinder of actions. The cases of *Carmona* v. *Cuesta*, 18 P.R.R. 178, and 20 P.R.R. 215, do not help the appellant, as no question of undue joinder was raised and distinct relief from two different sets of defendants was not asked.

As the case was decided on the wrongful joinder of

parties and causes of action, the striking of a paragraph of the complaint did not affect the result.

As the decision of the court disposed of the cause, it was unnecessary to consider the other ground of error, namely, the failure to decide the other ground of demurrer.

The judgment of the court below must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.